CATHARINE R. PRENTISS, *v.* CHARLES M. CORNELL
AND OTHERS

IN THE MATTER OF JOSEPH HUSSON, JR., PURCHASER,
APPELLANT.

*Purchaser at a foreclosure sale — when he will be compelled to complete the purchase, although two of the defendants were lunatics, for whom no committees had been appointed.*

APPEAL from an order made at a Special Term, compelling a purchaser to accept and complete his purchase of premises struck down to him on the sale under the judgment in this action.

The action was for the partition or sale of lands, and the proceedings seemed to have been regularly taken. The objection raised was that two of the adult defendants were persons of unsound mind at the time the action was commenced, but had not been judicially found or declared so to be. They were personally served with the summons and complaint, and one of them appeared in the action by an attorney. The other did not appear.

It did not directly appear in the papers that either of these

defendants have ever been judicially declared incompetent to manage his affairs, or that any committee has been appointed for either.

The court at General Term said : " The objection raised is insufficient to release the purchaser from his obligation to complete it ; assuming that these defendants were *non sui juris* at the commencement of this action, they were, nevertheless, liable to be sued. The mental incapacity or incompetency of parties presents no interference with the enforcement of legal liabilities. The institution of legal proceedings against lunatics is not inhibited. They may be sued and actions may be maintained against them, and whether their insanity will constitute a defense depends on the circumstances of the case. (*Sanford* v. *Sanford*, 62 N. Y., 553 ; *Mut. Life Ins. Co.* v. *Hunt*, 14 Hun [Sup. Ct.], 169 ; Id., 79 N. Y., 541.)

" In this case no proceedings had been instituted at the time of the commencement of this action to inquire into the mental condition of these defendants, and they stood before the world with the presumption of sanity in their favor. Besides, it must be borne in mind that there is no allegation of wrong to these defendants, and no complaint comes from them or their friends of any injustice. The question relates solely to the jurisdiction of the court and the regularity of the proceedings. The personal service of the summons and complaint conferred jurisdiction of these persons, and the judgment rendered was not even erroneous. (*Crippen* v. *Culver*, 13 Barb., 428 ; *Sternberg* v. *Schoolcraft*, 2 id., 153.)

" Complaint is made of some minor irregularities in practice, but they are unimportant and quite insufficient to disturb the proceedings.

" The order should be affirmed, with costs and disbursements."

*John H. Bergen*, for the purchaser, appellant.

*J. Stewart Ross*, for the respondent.

Opinion by DYKMAN, J.; BARNARD, P. J., and PRATT, J., concurred.

Order affirmed, with costs and disbursements.